UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOHRNEE N. WASHINGTON,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | |
| } | Case No.: 2:24-cv-01451-MHH |
| **GULFCO OF ALABAMA, LLC,** *et al.*, } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION AND ORDER

Defendant Gulfco of Alabama, LLC, a company that does business as Tower Loan of Hoover, removed this action to federal court. (Doc. 1).[1] Plaintiff Johrnee N. Washington has asked the Court to return this case to state court. (Doc. 6). Ms. Washington contends that Gulfco waited too long to remove her case to federal court. This opinion resolves Ms. Washington's motion to remand.

***

The procedural background of this case is important to Ms. Washington's motion to remand. In January of 2023, Gulfco sued Ms. Washington in a district court in Jefferson County, Alabama. (Doc. 1-3, p. 6). Alabama district courts are

---

[1] Defendant Tower Loan of Mississippi, LLC consented to Gulfco's removal. (Doc. 1-4). The Court refers to Tower Loan of Hoover as Gulfco and Tower Loan of Mississippi as Tower Loan.

courts of limited jurisdiction. To pursue a claim in district court, the plaintiff may not seek more than $20,000.00 in damages. ALA. CODE § 12-12-30. Gulfco sought recovery of the principal on a loan it issued to Ms. Washington using the Tower Loan name. Gulfco also sought associated interest, attorneys' fees, and costs. (*See* Doc. 1-3, pp. 6–7, 9).

That March, Ms. Washington answered Gulfco's small claims complaint and filed a "Counterclaim and Class Action" against Gulfco and Tower Loan of Mississippi. (Doc. 1-3, pp. 3–5; Doc. 1-2).[2] Ms. Washington asserted her counterclaim against Gulfco and her third-party claim against Tower Loan of Mississippi under the Fair Credit Reporting Act, a federal statute. (Doc. 1-2, pp. 9–11); 15 U.S.C. § 1681 *et seq*. Ms. Washington filed an unopposed motion to sever and transfer her claims against Gulfco and Tower Loan to the Circuit Court of Jefferson County, Alabama. (Doc. 1-3, pp. 187–90). The state court granted Ms. Washington's motion. (Doc. 1-3, p. 2). On September 25, 2024, the Jefferson County District Court ordered the circuit clerk "to docket the counterclaim as a separate case with a new civil action number subject to a new filing fee with the

---

[2] While labeled as a "Counterclaim and Class Action," Ms. Washington's filing includes a counterclaim against Gulfco, a third-party claim against Tower Loan, and class allegations against both entities. (*See* Doc. 1-2, pp. 9–14). To borrow from terminology employed by the Supreme Court, Ms. Washington is the original defendant in the initial state-court action, Gulfco is a counterclaim defendant, and Tower Loan is a third-party counterclaim defendant. *See Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437, 442 (2019).

2

Circuit Court and to take appropriate steps necessary to effectuate a transfer of the counterclaim in its entirety[] to the Circuit Court." (Doc. 1-3, p. 2). The circuit clerk completed the transfer of Ms. Washington's claims to a new civil action on October 2, 2024 and deemed the case filed on September 25, 2024. (Appendix A, p. 3).[3] On October 25, 2024, Gulfco removed the circuit court case to this federal district court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

\*\*\*

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Ms. Washington's claim under the Fair Credit Reporting Act provides a basis for federal jurisdiction under 28 U.S.C. § 1331. Section 1331 confers federal subject matter jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331.

The federal removal statute provides the vehicle for the removal of this case

---

[3] The Court has attached the docket sheet for the September 25, 2024 state circuit court case as Appendix A. Rule 201(b) of the Federal Rules of Evidence authorizes a federal district court to take judicial notice of facts that are not "subject to reasonable dispute" because the facts are capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A district court may take judicial notice of state court records to "recogniz[e] the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). The Court takes judicial notice of the information contained in Appendix A.

3

from the Circuit Court of Jefferson County, Alabama to this federal district court. 28 U.S.C. § 1441(a). Under Section 1441(a):

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

§ 1441(a). Section 1446 governs the procedure for removing actions and supplies the basis for Ms. Washington's motion to remand. 28 U.S.C. § 1446.

Section 1446 provides two windows of time for a state-court defendant to remove a case to federal court. 28 U.S.C. §§ 1446(b)(1) and (b)(3). Under § 1446(b)(1), a removing defendant "shall" file its notice of removal:

> [W]ithin 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). As the text of § 1446(b)(1) indicates, the time for a (b)(1) removal runs from the receipt of "the initial pleading," or in some circumstances, the summons related to that initial pleading. § 1446(b)(1). When "the case stated by the initial pleading is not removable," § 1446(b)(3) provides a 30-day period for removal when an avenue for removal becomes available. Under § 1446(b)(3):

> Except as provided in subsection (c), . . . a notice of removal may be

4

filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).[4]

Gulfco asserts that its removal is timely because Ms. Washington's claims against the company did not become removable until September 25, 2024, when the Jefferson County District Court severed Ms. Washington's counterclaims from Gulfco's small claims action against her and filed the counterclaims as a separate action in Jefferson County Circuit Court. (*See* Doc. 8, pp. 10–14). Gulfco relies on an unpublished district court decision from this judicial district, *Lewis v. Federal National Mortgage Association*, No. 2:20-cv-01228-CLM, 2020 WL 9264805 (N.D. Ala. Nov. 4, 2020), *aff'd*, No. 21-13310, 2022 WL 458267 (11th Cir. Feb. 15, 2022) (per curiam). In *Lewis*, a plaintiff sued Mr. Lewis in state court. 2020 WL 9264805 at *1. Mr. Lewis filed a counterclaim and added Federal National Mortgage Association, known as Fannie Mae, and Mortgage Electronic Registration Systems, known as MERS, as parties through third-party claims. *Lewis*, 2020 WL 9264805 at *1.

The state court severed Mr. Lewis's claims against Fannie Mae and MERS so

---

[4] Section 1446(c) limits removals based on diversity jurisdiction. Because Gulfco relied on federal question jurisdiction to remove this case, § 1446(c) does not apply here.

as to "create a new action[] with a separate case number" in which Mr. Lewis, as a plaintiff, asserted claims against Fannie Mae and MERS as defendants. *Lewis*, 2020 WL 9264805 at *1 (internal quotation marks omitted). Fannie Mae and MERS removed the new action based on diversity jurisdiction under 28 U.S.C. § 1332, and Mr. Lewis filed a motion to remand. *Lewis*, 2020 WL 9264805 at *1. Before severance, diversity jurisdiction did not exist because Mr. Lewis, a citizen of Alabama, included in his "counter complaint" Alabama defendants "who destroyed the requisite diversity among the parties." *Lewis*, 2020 WL 9264805 at *1.[5] The state court's severance order "dislodged Fannie Mae and MERS from the non-diverse parties, thus creating complete diversity" and allowing Fannie Mae and MERS to remove the case. *Lewis*, 2020 WL 9264805 at *1.

The Eleventh Circuit affirmed the district court's decision. *Lewis*, 2022 WL 458267 at *3. The Eleventh Circuit explained:

> Lewis argues that the district court should have remanded because MERS and Fannie Mae filed a notice of removal more than thirty days after his complaint. We disagree. Non-diverse parties prevented removal until the state court severed Lewi[s]'s claims against MERS and Fannie Mae. That severance aligned Lewis as plaintiff and Fannie Mae and MERS as the only defendants. With complete diversity among the parties and the amount in controversy satisfied, the action became removable for the first time. . . . Removal was timely because MERS and Fannie Mae filed their notice of removal within thirty days

---

[5] Section 1332 gives district courts subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

6

of the case becoming removable pursuant to 28 U.S.C. § 1446(b)(3)." *Lewis*, 2022 WL 458267 at *3 (citing § 1332(a); *Cent. of Ga. Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935, 937–38 (5th Cir. 1970)).

In *Riegel*, a decision that is binding precedent in this circuit, the Fifth Circuit Court of Appeals recognized that a third-party defendant that becomes an original defendant through a state court severance order "is as much a 'defendant' as if an original action had been brought against" that defendant. 426 F.2d at 938; *see Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (stating that cases decided before October 1, 1981 are binding precedent for the Eleventh Circuit Court of Appeals).

Ms. Washington attempts to distinguish *Riegel* and *Lewis*, arguing that Gulfco removed this case based on federal question jurisdiction rather than diversity jurisdiction. (Doc. 6, pp. 4–7; Doc. 9, pp. 1–2, 3). That is a distinction without a difference because a defendant may remove a case based on diversity jurisdiction or federal question jurisdiction; both provide a basis for original jurisdiction for purposes of § 1441(a). As for the timing of removal, while Gulfco was a counterclaim defendant in Jefferson County District Court, Gulfco could not remove Ms. Washington's claims against the company to federal court. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 446 (2019) (explaining that, under § 1441, "the

7

term 'defendant' refers only to the party sued by the original plaintiff," meaning that counterclaim defendants cannot remove an action). Under § 1446(b)(3), Gulfco first became capable of removing Ms. Washington's claims against the company to federal court when the Jefferson County District Court severed Ms. Washington's claims against Gulfco from Gulfco's claim against her and transferred Ms. Washington's claims against Gulfco to a new civil action in which Ms. Washington, as plaintiff, asserted her claims against Gulfco and Tower Loan as original defendants. 28 U.S.C. § 1446(b)(3). As in *Lewis*, Gulfco's removal "was timely because [Gulfco] filed [its] notice of removal within thirty days of the case becoming removable pursuant to 28 U.S.C. § 1446(b)(3)." *Lewis*, 2022 WL 458267 at *3

\*\*\*

Accordingly, because the state court severance order created a new action between Ms. Washington as plaintiff and Gulfco and Tower Loan as defendants, and because Ms. Washington asserts claims in the severed action under FCRA, a federal statute, the severance order triggered § 1446(b)(3)'s window for removal, and Gulfco removed the action with Tower Loan's consent within the 30-day window for removal under § 1446(b)(3). Therefore, the Court denies Ms. Washington's motion to remand.

The Clerk of Court shall please TERM Doc. 6.

**DONE** and **ORDERED** this June 11, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE